STATE OF WEST VIRGINIA

FILED

March 27, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**EARL TONEY,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0616** (BOR Appeal No. 2049110)
                    (Claim No. 2012027690)

**AUSTIN POWDER COMPANY,**
**Employer Below, Respondent**


# MEMORANDUM DECISION

Petitioner Earl Toney, by Stephen P. New, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Austin Powder Company, by T. Jonathan Cook, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 27, 2014, in which the Board affirmed a December 12, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's October 4, 2012, decision granting Mr. Toney a 5% permanent partial disability award and instead granted him an 8% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Toney, a truck driver, was injured in the course of his employment on February 21, 2012, when he fell while pulling on a heavy door. Treatment notes from Plateau Medical Center from the date of injury indicate Mr. Toney was diagnosed with an acute lumbar myofascial strain. He was treated by Ryan Newell, D.O., for his injury. It was noted in February of 2012, that Mr. Toney had a history of chronic back pain. Dr. Newell diagnosed lumbar strain, lumbosacral spondylosis, lumbosacral strain, thoracic strain, cervical strain, and back pain in the thoracic region and recommended physical therapy and medication.

1

Paul Bachwitt, M.D., conducted an independent medical evaluation on August 15, 2012, in order to determine the amount of permanent impairment Mr. Toney sustained as a result of his compensable injury. Dr. Bachwitt noted that Mr. Toney had a previous lower back injury in 2008 for which he was off of work for four to six months. Dr. Bachwitt also noted that he had spondylolisthesis at L5-S1 since he was six years old, which caused facet hypertrophy, anterior subluxation, and bilateral neural foraminal stenosis. Dr. Bachwitt determined that there was no mention of an injury to the cervical or thoracic spine in the medical records, and a thoracic CT showed mild chronic-appearing compression deformities, which were likely pre-existing minor degenerative changes. They were found to be unrelated to the compensable injury. Mr. Toney was found to be at maximum medical improvement for his lumbar spine injury. In an addendum report, Dr. Bachwitt stated that he only rated the lumbar spine because it was the only compensable condition in the claim. He placed Mr. Toney in Lumbar Category II of Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) for an impairment rating of 5%. He apportioned half of the impairment to pre-existing degenerative changes and prior injuries. He found that Mr. Toney fell into Lumbar Category II of West Virginia Code of State Rules § 85-20-C (2006), which allows for an impairment rating between 5% and 8%. Dr. Bachwitt therefore adjusted the rating to 5% whole person impairment. Based upon his report, the claims administrator granted Mr. Toney a 5% permanent partial disability award on October 4, 2012.

Bruce Guberman, M.D., conducted an independent medical evaluation on March 8, 2013. At that time, Mr. Toney reported pain in his cervical, thoracic, and lumbar spine. Dr. Guberman diagnosed post-traumatic acute and chronic lumbosacral, cervical, and thoracic strains. He found 8% impairment for range of motion abnormalities but apportioned 4% to pre-existing degenerative changes. Mr. Toney was placed in Category II of Table 75 of the American Medical Association's *Guides* and found to have 5% impairment. The impairments were combined for a whole person lumbar impairment of 9% which was reduced to 8% after Mr. Toney was placed in Lumbar Category II of West Virginia Code of State Rules § 85-20-C. Dr. Guberman also provided a rating for the cervical spine of 8% impairment and a rating for the thoracic spine of 5% impairment. His total combined recommendation was 19% impairment.

A final independent medical evaluation was performed on September 6, 2013, by Prasadarao Mukkamala, M.D. At that time, Mr. Toney stated that he had pain in his lower back and neck. Dr. Mukkamala opined that Mr. Toney suffered a lumbar sprain as a result of the compensable injury. He found that the thoracic spine complaints arose ten or eleven days after the injury, and the cervical pain complaints arose about twenty days after the injury. He opined that they were unrelated to the compensable injury. For the lumbar spine, Dr. Mukkamala found 7% impairment for range of motion deficits. He stated that Mr. Toney did not qualify for a rating under Table 75 of the American Medical Association's *Guides*. He placed Mr. Toney in Lumbar Category II of West Virginia Code of State Rules § 85-20-C and stated that the 7% impairment did not need to be adjusted. He opined that Dr. Guberman incorrectly calculated impairment for the cervical and thoracic spine, as the conditions were not compensable components of the claim.

The Office of Judges reversed the claims administrator's decision in its December 12, 2013, Order and granted Mr. Toney an 8% permanent partial disability award. It determined that Dr. Guberman was the only evaluator of record to recommend impairment for the cervical and thoracic spines. Drs. Bachwitt and Mukkamala both concluded that Mr. Toney did not injure his cervical or thoracic spine as a result of the compensable injury. The Office of Judges determined that issues of compensability and/or secondary conditions were not before it, and there was no evidence of record to indicate that either the cervical or thoracic spines were compensable components of the claim. It therefore concluded that Mr. Toney was not entitled to an impairment rating for either condition. The Office of Judges noted that the mere fact that Dr. Guberman assessed impairment for Mr. Toney's cervical and thoracic spines does not invalidate his assessment for lumbar impairment.

In regard to impairment under Table 75 of the American Medical Association's *Guides*, the Office of Judges found that Drs. Guberman and Bachwitt both assessed 5% impairment, while Dr. Mukkamala found no impairment. The Office of Judges concluded that the weight of the evidence indicates Mr. Toney sustained a lumbar strain with pain and loss of range of motion, and it was therefore found that he was entitled to 5% impairment under Table 75 of the American Medical Association's *Guides*. For range of motion impairment, the Office of Judges observed that Dr. Guberman assessed 8% impairment while Dr. Mukkamala assessed 7% impairment. Dr. Bachwitt, however, found no impairment for range of motion because he was unable to obtain valid lumbar range of motion measurements. The Office of Judges determined that Drs. Guberman and Mukkamala's range of motion findings clearly show that Mr. Toney has impairment for range of motion loss. It was found that Dr. Guberman apportioned 4% impairment to pre-existing conditions while Dr. Mukkamala made no apportionment for pre-existing conditions. Dr. Bachwitt also apportioned his overall impairment rating for pre-existing conditions. Because Dr. Guberman properly apportioned for pre-existing conditions, his impairment recommendation was determined to be more reliable than that of Dr. Mukkamala. The Office of Judges therefore concluded that Dr. Guberman's report provided the most accurate and reliable assessment of Mr. Toney's lumbar spine condition. It therefore granted an additional 3% permanent partial disability for a total award of 8%. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 27, 2014.

On appeal, Mr. Toney argues that Dr. Guberman's impairment recommendation properly accounted for his work-related injury. He states that Dr. Guberman's assessment included ratings for the cervical and thoracic spines, and the ratings should be included in his permanent partial disability award. He further argues that even though the conditions were not held to be compensable, he reported pain in his thoracic and cervical spine shortly after the injury and received some treatment for them. Austin Powder Company asserts that Dr. Guberman's total impairment rating contained ratings for non-compensable injuries to the thoracic and cervical spine. It argues that the most reliable evidence shows Mr. Toney sustained no more than 5% impairment due to the compensable injury as evidenced by Dr. Bachwitt's report. It further asserts that Dr. Bachwitt properly apportioned for Mr. Toney's prior back injuries.

3

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record indicates that the only compensable component of the claim is an injury to the lumbar spine. Since the cervical and thoracic spines are not compensable components of the claim, Mr. Toney is not entitled to awards for them. The evidentiary record shows that Mr. Toney is entitled to an 8% permanent partial disability award for his compensable lumbar spine injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   March 27, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4